IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| QUINTINA MARIE THOMAS, | ) CIV. NO. 19-00540 JMS-WRP |
| Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATION TO |
| vs. | ) DISMISS THIS ACTION |
| | ) WITHOUT PREJUDICE |
| IMPERIAL INDUSTRIAL SUPPLY COMPANY, ET AL.; | ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO
DISMISS THIS ACTION WITHOUT PREJUDICE[1]

Plaintiff, proceeding pro se, filed her Complaint on October 4, 2019 against Imperial Industrial Supply Company d/b/a Duramax Power Equipment and/or MaxTool and/or Factory Authorized Outlets, Steven L. Feldman, Robert Raskin, and Anthony Bustos alleging that Defendants are liable to her for breach of contract and seeking $1.5 million in damages.  See ECF No. 1.

The Court issued a Deficiency Notice and Order Regarding Service of Defendants on December 30, 2019 noting that the record did not reflect that

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Plaintiff had served the Complaint and Summons on Defendants pursuant to Federal Rule of Civil Procedure 4.  See ECF No. 7.  The Court gave notice to Plaintiff that she must serve or show good cause for her failure to serve the Complaint and Summons on Defendants within thirty days  See id.

On January 7, 2020, Plaintiff filed Certificate of Service stating that she sent the Summons and Complaint by mail to Defendant Feldman as "agent" for Defendant Imperial Industrial Supply Company d/b/a Duramax Power Equipment and/or MaxTool and/or Factory Authorized Outlets on October 14, 2019 and "[i]t is being sent again" by mail at an address in California.  See ECF Nos. 8, 10.  Plaintiff did not provide any information regarding service on Robert Raskin or Anthony Bustos in her filings.  See id.

On January 10, 2020, the Court issued a Second Deficiency Notice explaining to Plaintiff that under Hawaii law, service by certified mail is only allowed if it is authorized by court order ***prior*** to mailing.  See ECF No. 9 at 3 (citing Haw. Rev. Stat. § 634-24).  Because Plaintiff did not file a motion asking for permission from the Court before attempting to serve Defendants by certified mail and because Plaintiff had not shown that she had tried to serve Defendants by regular means, the Court found that Defendants had not been properly served under Rule 4.  See id. at 4.  However, given Plaintiff's pro se status, the Court gave Plaintiff another thirty days to properly effect service on Defendants.  See id. at 5.  The Court gave notice to Plaintiff that failure to properly serve or to show good

cause for her failure to serve may result in dismissal of this action.  See id. (citing Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 4(m); In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001)).

    Based on the Court's review of the docket, Plaintiff has not effected service of the Complaint or Summons on Defendants as required under Rule 4 of the Federal Rules of Civil Procedure.  Accordingly, the Court FINDS AND RECOMMENDS that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rule of Civil Procedure.

    IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, MARCH 9, 2020.



Wes Reber Porter
United States Magistrate Judge

**THOMAS V. IMPERIAL INDUSTRIAL SUPPLY COMPANY, ET AL., CIVIL NO. 19-00540 JMS-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**